UNITED STATES DISTRICT COURT
OFFICE OF THE CLERK
PROVIDENCE, RHODE ISLAND 02903-1779

OFFICIAL BUSINESS

Hasler

$00.390
01/30/2007
Mailed From 02903
US POSTAGE

TRANS TO Virginia

NIXIE 029 1 02 02/06/07

RETURN TO SENDER
ATTEMPTED - NOT KNOWN
UNABLE TO FORWARD

BC: 02903 *0322-00973-30-43

02920+0200 B002

06-505 memo

Wayman Turner
P.O. Box 8200
Cranston, RI 02920

---

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**WAYMAN TURNER**

**v.** **C.A. No. 06-505 S**

**A.T. WALL, et al.**

**MEMORANDUM AND ORDER**

Plaintiff Wayman Turner, *pro se*, is currently before the Court on his second motion to appoint counsel to represent him in the instant civil action. Additionally, the Court has received a letter motion wherein plaintiff seeks the Court to reconsider its previously ruling, denying his first motion to appoint counsel.

In the appropriate case, the Court may request that an attorney represent a plaintiff in a civil action. However, there is no absolute constitutional right to a "free lawyer" in a civil case. DesRosier v. Moran, 949 F.2d 15, 23 (1st Cir. 1991). Absent exceptional circumstances, the Court can not appoint counsel in a civil matter. Id. At 23. Exceptional circumstances can include, *inter alia*, the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself. Id.

Here, I have reviewed the plaintiff's complaint and the motions that he has filed in this case. The issues presented in the complaint are not so complex that the plaintiff is unable to represent himself. Moreover, plaintiff's filings demonstrate that he is able to present the facts and the issues himself. Accordingly, plaintiff's second motion to appoint counsel is **DENIED** and his letter motion to reconsider is **DENIED.**

IT IS SO ORDERED.

Jacob Hagopian
Senior United States Magistrate Judge
Date: 30 Jan 07