**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**WAYMAN TURNER,**

**v.** **C.A. No. 06-505-S**

**A. T. WALL, DAVID McCAULEY,**
**JEFF ACETO, DR. EDORO, and**
**JOHN DOE**

**DEFENDANTS A.T. WALL, DAVID McCAULEY, AND JEFF ACETO'S MOTION FOR SUMMARY JUDGMENT**

Defendants Wall, McCauley, and Aceto submit that there are no genuine issues of material fact and that, pursuant to Fed. R. Civ. Pro. 56, they are entitled to judgment as a matter of law, and so move the Court.

Respectfully submitted,

STATE OF RHODE ISLAND

By Its Attorney,
PATRICK C. LYNCH
ATTORNEY GENERAL

/s/ Darryl J. Paquette

DARRYL J. PAQUETTE (#6330)
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903-2907
Tel: (401) 274-4400 x 2245
Fax: (401) 222-2995
dpaquette@riag.ri.gov

**CERTIFICATION**

I hereby certify that I mailed, by regular United States mail, postage prepaid, a true copy of the within document to plaintiff, as indicated below, on the 14th day of March 2008.

/s/ Darryl J. Paquette

____________________________________

Wayman Turner #367607
Rhode Island Inmate
Wallens Ridge State Prison
P.O. Box 759
Big Stone Gap, VA 24219

**UNITED STATE DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**WAYMAN TURNER**

**V.** **C.A. # 06-505S**

**A.T. WALL, DAVID McCAULEY,**
**JEFF ACETO, DR. EDORO, and**
**JOHN DOE**

**DEFENDANTS A.T. WALL, DAVID McCAULEY, AND JEFF ACETO'S MEMORANDUM OF LAW IN SUPPORT OF SUMMARY JUDGMENT**

Defendants Wall, McCauley, and Aceto (collectively "Defendants") submit that there are no genuine issues of material fact and that, pursuant to 42 U.S.C. § 1997e(a) and Fed. R. Civ. Pro. 56, they are entitled to judgment as a matter of law.

## I. BACKGROUND

Plaintiff complains of injuries suffered as a result of an altercation with another inmate on April 5, 2006, while housed at the RI Department of Corrections. Plaintiff was treated for his injuries, but was later transferred, at his request, to an out-of-sate correctional facility, located within the Commonwealth of Virginia. Plaintiff now claims that his injuries were not properly treated. But, as argued below, plaintiff failed to avail himself of the proper procedure for grieving the matter, pursuant to Department of Corrections guidelines for dealing with such issues, and is now precluded from seeking redress in this Court.

## II. SUMMARY JUDGMENT STANDARD

"Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" Celotex Corp. v. Catrett, 477 U.S. 317, 327, 106 S.Ct. 2548, 2555 (1986). Summary judgment is lawful and proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In addition, "[s]ummary judgment is appropriate against a party who, after a sufficient time for discovery, 'fails to make a showing sufficient to establish the existence of a single element essential to that party's case, and on which that party will bear the burden of proof at trial.'" Torraco v. Maloney, 923 F.2d 231, 232 (1st Cir. 1991)(quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986)).

According to Fed. R. Civ. P. 56(e):

> [w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party. (Emphasis added).

Based upon the foregoing, the United States Supreme Court observed that the above two sentences of Rule 56(e) were added "to disapprove a line of cases allowing a party opposing summary judgment to resist a properly made motion by reference only to its pleadings." Celotex Corp, 477 U.S. at 325, 106 S.Ct. at 2554. "[T]he plaintiff must

present affirmative evidence in order to defeat a properly supported motion for summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256, 106 S.Ct. 2505, 2514 (1986).

"[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Id. at 250, 106 S.Ct. at 2511. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Id. at 250-51, 106 S.Ct. at 2511. As the Court recognized:

> [n]or are judges any longer required to submit a question to a jury merely because some evidence has been introduced by the party having the burden of proof, unless the evidence be of such a character that it would warrant the jury in finding a verdict in favor of that party. Formerly it was held that if there was what is called a scintilla of evidence in support of a case the judge was bound to leave it to the jury, but recent decisions of high authority have established a more reasonable rule, that in every case, before the evidence is left to the jury, there is a preliminary question for the judge, not whether there is literally no evidence, but whether where is any upon which a jury could properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed. Id. at 251, 106 S.Ct at 2511 (emphases in original).

Accordingly, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Id. at 252, 106 S.Ct. at 2512.

## III. LEGAL CLAIMS AND ANALYSIS

The Prison Litigation Reform Act of 1995 (hereafter "PLRA"), amended 42 U.S.C. 1997e(a), provides in its entirety that:

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. (Emphases added).

The United States Supreme Court has examined both emphasized phrases.

In Booth v. Churner, 532 U.S. 731, 121 S.Ct. 1819 (2001), the Court examined an inmate lawsuit brought pursuant to § 1983 claiming that correctional officers violated the Eighth Amendment by assaulting him, placing tight handcuffs on him, and denying medical attention to treat the ensuing injuries. Inmate Booth sought various forms of relief, including monetary damages.

At the time, the Pennsylvania Department of Corrections provided a grievance system by which an inmate's complaint would be referred to a grievance officer for investigation and resolution, and if the inmate was dissatisfied with the outcome, an appeal could be made to an intermediate reviewing authority, with the possibility of a further and final appeal to a central review committee. Id. at 734, 121 S.Ct. at 1822. Although the Pennsylvania grievance system was able to address Booth's allegations, it had no authority to award the monetary damages Booth sought. Id.

Before filing his federal § 1983 lawsuit, Booth availed himself to the first grievance level, but he "never sought intermediate or final administrative review after the prison authority denied relief." Id. at 734, 121 S.Ct. at 1822. Because Booth did not exhaust "administrative remedies … available" within the meaning of § 1997e(a), the District Court dismissed the lawsuit and the Third Circuit affirmed. On certiorari, the Supreme Court identified the issue as "whether or not a remedial scheme is 'available' where . . . the administrative process has authority to take some action in response to a complaint, but not the remedial action an inmate demands to the exclusion of all other forms of redress." Id. at 736, 121 S.Ct. at 1822-23. The Court responded affirmatively.

> The Court observed that § 1997e(a)'s phrase "such administrative remedies as are available," requires "a prisoner to exhaust the grievance procedures offered, whether or not the possible responses cover the specific relief the prisoner demands." Id. at 738, 121 S.Ct. at 1823. Thus, the Court

> concluded that "Congress's imposition of an obviously broad[] exhaustion requirement," provided compelling evidence of its intent to require prisoners to exhaust all available administrative remedies prior to filing suit, even if the specific relief sought is not administratively available. Id. at 740-41, 121 S.Ct. at 1825. After Booth, the Supreme Court examined the phrase "prison conditions" when the Second Circuit determined that the exhaustion requirement did not apply to an inmate who brought an Eighth Amendment claim alleging an isolated incident of excessive force. The Supreme Court reversed and held that the "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532, 122 S.Ct. 983, 992 (2002)(emphasis added).

In the instant matter, it is clear that on April 5, 1996 – the date of Plaintiff's altercation with another inmate– the DOC had available Policy No. 13.10, relating to the inmate grievance procedure (hereafter "Grievance Policy"). *Exhibit 1, p. 1-12.* According to the Grievance Policy, "[a]ll inmates, both sentenced and awaiting trial, are eligible to file grievances," and grievable areas of institutional life include the interpretation and application of Department policies, rules, and procedures; individual employee actions; property loss or damage; and "[a]ny other matter relating to access to privileges, programs, and/or services[,] conditions of care or supervision[,] and living facility conditions." *Exhibit 1, p. 2-3 (emphasis added).* Similar to the grievance procedure in Booth, the Grievance Policy provides for three levels: (1) the inmate must first seek resolution at the lowest level of the chain of command, and if not resolved; (2) the inmate may submit the grievance to the Warden of the facility where the inmate resides, and if the inmate is not satisfied at this level; (3) the inmate may appeal to the Director of the DOC. *Exhibit 1, p. 4-9.* The Grievance Policy expressly states that "[o]nce all extensions have been exhausted and the grievant still desires to seek further action, s/he may attempt to have the matter addressed in the Court system." *Exhibit 1, p.*

*11*. The Grievance Policy expressly provides the following remedies: (1) restitution or monetary compensation, (2) change of facility policies, (3) correction of inmate records, and (4) other remedies, as appropriate. *Exhibit 1, p. 12.*

Here, Plaintiff's complaint is grievable. There can also be no mistake that Plaintiff did not exhaust his administrative remedies before filing suit. Specifically, in his Response to Production of Documents, Plaintiff did not provide any grievances submitted to the Director, and the Director's grievance files, as well as the Warden's grievance files, do not contain any records of grievances filed by Plaintiff. Plaintiff's Production of Documents contained no grievance forms submitted to either the Warden or Director. Even assuming such a grievance was filed, there were no documents evincing that Plaintiff exhausted his administrative remedies and appealed to the Director. *See Exhibit 2, Affidavit of Robert McCutcheon.* Because a grievance process with an array of remedies was available to Plaintiff, his failure to avail and exhaust his administrative remedies is dispositive of this entire case. See Booth, 532 U.S. at 740-41, 121 S.Ct. at 1825.

## IV. CONCLUSION

Plaintiff's complaint represents a hodgepodge of unsupported allegations. The fact that Plaintiff has not properly exhausted his administrative remedies is dispositive of this case. Defendants Wall, McCauley, and Aceto, individually and officially, pray that their Motion for Summary Judgment be granted.

Respectfully submitted,

STATE OF RHODE ISLAND

By Its Attorney,
PATRICK C. LYNCH
ATTORNEY GENERAL

/s/ Darryl J. Paquette

DARRYL J. PAQUETTE (#6330)
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903-2907
Tel: (401) 274-4400 x 2245
Fax: (401) 222-2995
dpaquette@riag.ri.gov

**CERTIFICATION**

I hereby certify that I mailed, by regular United States mail, postage prepaid, a true copy of the within document to plaintiff, as indicated below, on the 14th day of March 2008.

/s/ Darryl J. Paquette

Wayman Turner #367607
Rhode Island Inmate
Wallens Ridge State Prison
P.O. Box 759
Big Stone Gap, VA 24219