1

#367607
WAYMAN TURNER
W.R.S.P
R.I INMATE
P.O. BOX 759
BIG STONE GAP. VA
24219

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

WAYMAN TURNER, PRO SE C.A. NO. 06-505 S

PLAINTIFF

V.

A.T. WALL, DAVID MCCAULEY, JEFF ACETO,

DR. EDORO, AND JOHN DOE DEFENDANTS

# PRETRIAL MEMORANDA.

Now comes pro se. Plaintiff Wayman Turner, with written facts, that will support his claim against, above mentioned defendants. included in this Memorandum, All witnessses, Including experts, medical records proving injuries, Both physical and psychological, Supporting Law and citations of authorities. Plaintiff prays this satisfies the court.

## STATEMENT OF FACTS

On 4-5-06 plaintiff was told By Block officer to report to the mailBox in front of the chow hall, Because I was going to court. when I got to the mailBox Captain Jeff Aceto was there, he pointed to the chow hall to his left and told me to go eat. while standing in line, inmate Dennis Garnetto, A known enemy of mines through out the R.I D.O.C Brutally assaulted me, Im not sure how long it lasted, But eventually he was taken out in cuffs and I was taken to the nurses station, Beside the chow hall, I was Pouring Blood, From A gash above my left eye, and I was Dizzy and had to Be wheeled to the hospital. Eventually I was taken to STAT-CARE in ~~[illegible]~~

WARWICK, R.I, WHERE I SAW A DR. DEEWY OR DEEVY, I RECIEVED 9 STITCHES TO CLOSE THE GASH OVER MY LEFT EYE AND AN X-RAY SHOWED A BONE BRUISE OVER THE SAME EYE. ON 4-11-06 PLAINTIFF COMPLAINS OF VISION PROBLEMS AND NOT BEING ABLE TO SMELL ANYTHING. ON 5-31-06 PLAINTIFF IS FINALLY TAKEN TO R.I HOSPITAL ER, AND SEEN BY DR. RICHARD HERNANDEZ, WHO WAS BEWILDERED I WAS BROUGHT TO THE ER FOR THE INJURIES I WAS ~~COMPLAIN~~ complaining OF, AND REFER'S PLAINTIFF TO NEUROLOGIST AND EYE CLINIC. 6-8-06 SEEN BY DR. SMILEY AND AGAIN ON 6-22-06, HE REFER'S ME TO DR. FIGUEROA, IM SEEN BY DR. FIGUEROA ON 7-5-06 AND AGAIN ON 7-14-06, HE ALSO REFER'S ME TO THE R.I HOSPITAL EYE CLINIC. 9-5-06 IM FINALLY SEEN BY DR. HEIMMEL, OPTOMETRIST AT THE R.I.H EYE CLINIC, AFTER HE EXAMINED MY EYES, HE SAID I WAS HIT SO HARD, THAT THE JELLY TYPE FLUID OUR EYES ARE ENCASED IN WAS KNOCKED LOOSE, CAUSING ME TO SEE FLASHES AND FLOATERS. ON 10-11-06, IM SEEN BY DR. WENDELL, NEUROLOGIST R.I.H, AFTER A NEUROLOGICAL EXAMINATION, ITS DETERMINED I CANT SMELL ANYTHING, SHE ORDERS A CAT-SCAN, BY THIS TIME I AM ALREADY TAKING MEDICATION, FOR ANXIETY AND PANIC DISORDERS. 11-20-06 TAKEN TO ATWOOD DIAGNOSTIC CENTER FOR CAT-SCAN, WHEN I FINALLY RECIEVE MY COPY OF DR. KARAHBAUM, DIAGNOSES, IM SCARED AND DISTRAUGHT, HE WROTE THAT HE SAW SOMETHING AND WANTED TO DO ANOTHER CAT-SCAN IN A FEW MONTHS. HOWEVER ON 1-25-07 IM MOVED TO VIRGINIA ON 1-26-07 AT POWHATAN RECEPTION, AT MY MEDICAL PRELIMINARY SCREENING, I MYSELF MAKE VA OFFICIALS AWARE OF MY MEDICAL SITUATION, DUE TO THE ASSAULT. NONE OF MY MEDICAL RECORDS FOLLOWED ME, I HAD TO PROVIDE VA WITH MY OWN, PERSONAL RECORDS, INCLUDING FOLLOW UP APPOINTMENTS 2-22-07 UNTIL NOW IVE BEEN WORRIED AND COMPLAINING OF THE EFFECTS FROM THE INJURIES, DUE TO THE ASSAULT ON 4-5-06, 8-9-07 HAD CAT-SCAN HERE IN V.A THE ONE I WAS SUPPOSE TO HAVE A YEAR AGO IN R.I, THE ONE DR.

③

KARAHBAUM ORDERED IN NOV 06. Also SAW V.A OPTOMETRIST, NAME UNREADABLE, ATTEMPTS TO GET his NAME HAVE BEEN UNSUCCESSFUL But he SAID my VISION problem will REQUIRE A OPERATION ONEDAY, BECAUSE ITS NOT going to GET ANY BETTER.

CAPTAIN, JEFF ACETO, AlREADY ADMITTED that he'D KNOWN OF AT LEAST ONE OF my KNOWN ENEMIES, how is this so? when All my ENEMIES ARE LISTED ON D.O.C COMPUTERS, with SPECIAL ATTENTION ON DENNIS GARNETTO, AND plaintiff.

R.I D.O.C, VIOLATED my 6th AMENDMENT By holding on to my legal MAIL, SENT to ME in High SECURITY in R.I ON 1-25-07, R.I OFFICIALS DIDNT SEND to me here in V.A UNTIL APRIL 07, this should Be considered, Both callous AND RECKLESS INDIFFERENCE to my FEDERALLY protected rights.

R.I D.O.C OFFICIALS, VIOLATED my 8th AMENDMENT, By putting with A KNOWN VIOLENT ENEMY, which they Also DID in the past, But MOVED ME BEFORE Anything happened, this proves they were AWARE OF my situation with Known enemy. Deliberate INDIFFERENCE: MEANS that SOMEONE CONSCIOUSly OR RECKLESSly contributes to or has knowledge of A harmful condition AND DOES nothing to correct it, which results in ACTUAL OR POTENTIAL harm to Another person.

DR. EDORO AND R.I D.O.C MEDICAL OFFICIALS, VIOLATED my 14th AMENDMENT, Specific CONSTITUTIONAL Rights Such AS DUE process OR Equal TREATMENT VIOLATED, denied Adequate Medical CARE AND Equal TREATMENT, I WAS delayed the proper NECESSARY MEDICAL CARE, Further the R.I D.O.C LACKS Adequate procedures For

~~with~~ MEDICAL EMERGENCIES, INCLUDING INADEQUATE ARRANGEMENTS WITH COMMUNITY MEDICAL FACILITIES. MY MEDICAL TIMELINE, SHOWS THE ~~~~ LONG PERIOD OF TIME I WAITED TO RECIEVE THE PROPER MEDICAL TREATMENT FOR THE INJURIES I SUFFERED DUE TO THE ASSAULT, THEN THEY CALLOUSLY AND RECKLESSLY MOVED ME OUT OF STATE AND DIDNT SEND MY MEDICAL RECORDS OR MAKE THE RECIEVING STATE AWARE OF MY INJURIES FROM THE ASSAULT, NOR MADE THEM AWARE OF FOLLOW UP APPOINTMENTS, PLACING MY LIFE IN DANGER.

EVERYTHING IN "STATEMENT OF FACTS", CAN AND WILL BE PROVEN AT TRIAL !!

## STATEMENT OF LEGAL POSITION:

ESTELLE V. GAMBLE 429 U.S 97(1976) CRIMINAL LAW $ 76 - CRUEL AND UNUSUAL PUNISHMENT = ELEMENTARY PRINCIPLES OF CRUEL AND UNUSUAL PUNISHMENT OF THE 8TH AMENDMENT ESTABLISH THE GOVERMENT'S OBLIGATION TO PROVIDE MEDICAL CARE FOR THOSE WHOM IT IS PUNISHING BY INCARCERATION, ALSO IN ESTELLE V. GAMBLE 429 U.S 97(1976) DELIBERATE INDIFFERENCE TO SERIOUS ~~SERIOUS~~ MEDICAL NEEDS OF PRISONER'S CONTITUTES UNNECESSARY AND WANTON INFLICTION OF PAIN PROSCRIBED BY THE 8TH AMENDMENT, REGARDLESS OF WHETHER THE INDIFFERENCE IS MANIFESTED BY PRISON DOCTOR'S IN THEIR RESPONSE TO THE PRISONERS NEEDS OR BY GUARDS IN INTENTIONALLY DENYING OR DELAYING ACCESS TO MEDICAL CARE OR INTENTIONALLY INTERFERING WITH THE TREATMENT ONCE PRESCRIBED. REGARDLESS OF HOW EVIDENCED, DELIBERATE INDIFFERENCE TO A PRISONER'S SERIOUS ILLNESS OR INJURY STATES A CIVIL RIGHTS CAUSE OF ACTION UNDER 42 USCS $ 1983. ESTELLE V. GAMBLE 429 U.S 97(1976) TO SUCCEED IN AN 8TH AMENDMENT CHALLENGE TO THE MEDICAL CARE IN YOUR PRISON YOU MUST SHOW;

A) YOU HAD A SERIOUS MEDICAL NEED

B) PRISON OFFICIALS SHOWED DELIBERATE INDIFFERENCE TO YOUR

(5)

SERIOUS MEDICAL NEED AND,

C) this CAUSED you to SUFFER.

Jolly v. Knudsen 205, F.3d 1094 2000 U.S: PRISON OFFICIALS OR THEIR AGENTS VIOLATE the 8th AMENDMENT IF they commit Acts OR omissions SUFFICIENTLY harmful to evidence deliberate INDIFFERENCE to AN inmates SERIOUS MEDICAL NEEDS, OUR COURT has INTERPRETED this STANDARD AS including both objective AND A subjective COMPONET; THE PLAINTIFF must demonstrate (1) that he SUFFERED FROM objectively SERIOUS MEDICAL NEEDS AND (2) that prison officials actually KNEW of but deliberately disregarded those NEEDS, the prisoner must show more than negligence, more even than gross negligence..

WEST V. ATKINS, 487 U.S 42(1988): Respondents conduct in TREATING petitioner is FAIRLY Attributable to the STATE, the STATE has AN obligation, UNDER the 8th AMENDMENT AND STATE LAW to provide Adequate MEDICAL CARE to those whom it has INCARCERATED, Estelle, super, At Spicer V. Williamson 191 N.C 487, 490 132 S.E 291, 293, the STATE has delegated that FUNCTION to physicians such As RESPONDENT, AND DEFERS to THEIR professional JUDGEMENT, the ANALYSIS is NOT ALTERED by the FACT that RESPONDENT WAS PAID by CONTRACT AND WAS NOT ON STATE PAYROLL NOR by the FACT that RESPONDENT WAS NOT REQUIRED to WORK Exclusively For the prison, it is the physician's FUNCTION within the STATE SYSTEM NOT the PRECISE TERMS OF his Employment that is determinative. to CONSTITUTE STATE ACTION "the deprivation must BE caused by the EXERCISE OF Some Right OR privilege created by the STATE OR by A person For whom the STATE is Responsible" AND the party charged with DEPRIVATION must BE A person who may FAIRLY be SAID to be A STATE ACTOR "STATE Employment is generally SUFFICIENT to RENDER the DEFENDANT A STATE ACTOR,

(6)

AT 936 N. 18 SEE Id AT 937, it is Firmly Established that a Defendant in a 1983 Suits Acts under color of State Law when he abuses the position given to him by the State, See Monroe v. Pape 365 U.S at 172, thus generally a public employee Acts under color of State Law while Acting in his official capacity or while exercising his responsibilities pursuant to State Law.

Meloy v. Bachmeier, 302 F.3d 845 2002: For an 8th Amendment violation when the supervisor is personally involved in the violation or when the supervisor's corrective inaction constitutes deliberate indifference towards violation. the supervisor must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye to it. Likewise supervisory officials are liable under 42 USCS § 1983 only if they fail promptly to provide an inmate with needed medical care. they deliberately interfer with the prison doctors proformance or they tacitly authorize or are indifferent to the prison Doctor's constitutional violations, For purposes of an 8th Amendment claim of cruel and unusual punishment involving a claim of deliberate indifference to medical needs, a prison's medical treatment who lacks medical expertise cannot be liable for the medical staff's diagnostic decisions, However prison officials cannot substitute their judgement for medical professional's prescription.

West v. Atkins, 487 U.S 42 (1988): the supreme court held that a private Doctor with whom the state contracts, to provide treatment to a prisoner can be sued using section 1983, No state shall, deprive any person of Life, Liberty or property without Due process of Law nor Deny to any person within its jurisdiction the equal protection of the Laws 14th Amendment.

Civil Rights § 24, 32 States, Territories and possessions § 89 - Liability State officials may be held personally liable for Damages under 42 USCS 1983 which provides that any person acting under color of state law in violating anothers Federal Rights is liable to the injured party based upon actions taken in their official capacities Because, (1) with respect to the United States Supreme Court holding in Will v. Michigan Dept of State police (1989) 491 U.S 58, 105 L Ed 2d 45, 109 S CT 2304, that state officials acting in their official capacities is best understood as a reference to the capacity in which a state official is sued, rather than the capacity in which the official inflicts the alleged injury (2) state officials sued in their individual capacities are "persons" within the meaning of 1983 and (3) the Federal Constitutions Eleventh Amendment which Bars suits in Federal courts, by private parties seeking to impose a liability which must be paid from public funds in a state Treasury does not erect a barrier against suits to impose individual and personal liability on state officials under 1983

Personal involvement of a supervisory defendant may be shown by evidence that the defendant (1) directly participated in the violation (2) failed to remedy the wrong after being informed of the wrong through reports or appeals (3) created a policy or custom under which unconstitutional practices occurred or allowed such a policy or custom to continue (4) was grossly negligent in supervising subordinates who committed the wrongful acts Colon V. Coughlin 58 F.3d 865 (2nd Cir 1995) this court has time and time again recognized that where a prison inmate is subjected to intolerable deplorable conditions, especially when solitarily confined, the prisoner is entitled to relief under the 8th Amendment as well as possible consequent 42 U.S.C.S 198 reparations McCord V. Maggio 927 F.2d 844 5th Cir 1991

DELIBERATE INDIFFERENCE STANDARD"

the TERM DELIBERATE INDIFFERENCE MEANS that SOMEONE CONSCIOUSLY OR RECKLESSLY CONTRIBUTES to OR HAS KNOWLEDGE OF A HARMFUL CONDITION AND DOES NOTHING TO CORRECT IT, WHICH RESULTS IN ACTUAL OR ~~pro~~ POTENTIAL harm to ANOTHER PERSON. PRISON OFFICIALS do NOT have to KNOW that you have BEEN harmed, they only have to KNOW that there was A SUBSTANTIAL RISK OF SERIOUS harm, IN OTHER WORDS, IF there ARE UNSAFE CONDITIONS that clearly pose A SERIOUS THREAT you CAN BRING A CLAIM BEFORE ACTUAL harm IS SUFFERED. the SUPREME COURT applied A MORE SPECIFIC DEFINITION to the term DELIBERATE INDIFFERENCE IN THEIR DECISION the COURT STATED that AN 8th AMENDMENT CLAIMANT NEED NOT SHOW that ~~[illegible]~~ A prison OFFICIAL ACTED OR FAILED to ACT believing that harm ACTUALLY WOULD befall AN INMATE, it is ENOUGH that the OFFICIAL ACTED OR FAILED to ACT despite his KNOWLEDGE OF A SUBSTANTIAL RISK OF SERIOUS harm. the COURT WENT ON to SAY "WHETHER A PRISON OFFICIAL had the REQUISITE KNOWLEDGE OF A SUBSTANTIAL RISK IS A QUESTION OF FACT subject to DEMONSTRATION IN the USUAL WAYS INCLUDING INFERENCE FROM CIRCUMSTANTIAL EVIDENCE AND FACTFINDER MAY CONCLUDE that A prison OFFICIAL KNEW OF A SUBSTANTIAL RISK FROM the VERY FACT that the RISK WAS obvious. (CITATION OMITTED) SUFFICIENTLY SERIOUS AND the OFFICIAL has ACTED with DELIBERATE INDIFFERENCE to the INMATES health OR SAFETY, the VERY purpose OF CAUSING harm OR with KNOWLEDGE that harm will RESULT

FARMER V. BRENNAN, 511 U.S 825 (1994)

(9)

"The imminent Danger of serious" Physical injury exception"

"To meet the serious physical injury" requirement, injury need not be as serious as to be an 8th Amendment violation in and of itself Miller v. Meadows 2005 WL 1983838 at 4, M.D 6th Aug 11 2005 What is Physical injury? prisoners must show physical injury in order to recover damages for mental or emotional injury, courts have said that an injury must be more than "de minimis" But need not be significant, one Appeals court has said that injury need not be observable, diagnosable or requiring treatment by a medical care professional to meet this section 1997 e(e) standard Oliver v. Keller, 289 F.3d 623, 628 (9th Cir 2002)

"Witnesses Expected to testify"

1) Captain, Jeff Aceto, "Defendant" R.I D.o.C; will testify that on the Day of the assault, he sent me into the chow hall with another Block other than my own where I was assaulted By a known enemy, he will also testify, that he was aware of at least one known enemy of mines.

2) Lieutenant, Jancowski, R.I D.o.C; that he moved me from Medium one security, after being their oneday, Because the inmate who assaulted me was their, this happened in 2003 May 1st

3) Captain Clancy, R.I D.o.C; was on the scence right after the assault, he canceled my court appreance that morning, Because I had to go to the hospital, Due to the injuries from the assault.

intake nurse > 4) D.O.C Nurse Gail last name unknown?; was also on the scence, Right after the assault, will testify, I was Bleeding all over the place, and I couldnt stand up and had to Be wheeled out.

5) Correctional officer, Bell, intake service center R.I D.o.C; will testify that I was feed in my cell on Days I went to court, Because of my enemy issues, and was kept in a holding cell alone, until state marshall came to get me

6) CORRECTIONAL OFFICERS, DOMINIC, INTAKE SERVICE CENTER; will TESTIFY ALSO that I was FEED IN my cell on Days I was going to court, then ESCORTED to the COMMITTING ROOM By ANOTHER OFFICER.

7) COUNSELOR, DEBBIE MORRETTI, INTAKE SERVICE CENTER; will testify, She SHOWED me on the computer, that me AND DENNIS GARNETTO, WE'RE NOT suppose to BE AROUND each other or violence would occur.

8) JOESPH DINITTO, R.I D.O.C CLASSIFICATION DIRECTOR; I'M NOT SURE AS to what MR. DINITTO will say. But I want to ASK him how long usually Does A out of STATE TRANSFER TAKE, A FACT FINDER will prove A year or more, also I want to ask him why WASN'T my TRANSFER put on hold considering I had follow up MEDICAL Appointments AND open court cases AND ALSO why WASN'T my MEDICAL RECORDS SENT, AND why WASN'T V.A OFFICIALS MADE AWARE OF my MEDICAL SITUATION, including Follow up Appointments.

"EXPERT" WITNESSES to TESTIFY"

1) MRS. COYNE-FAGUE; LAWYER FOR the R.I D.O.C; will TESTIFY that she ATTEMPTED to settle this case with me, there proving I exhausted all my in house REMEDIES

2) DR. STEPHEN KARASHBAUM, ATWOOD DIAGNOSTIC CENTER; will testify that he READ the CAT-SCAN I HAD DONE ON 11-20-06 AND NOTICED SOME Damage, AND ORDERED A Follow-up STUDY in 3-4 months, However R.I D.O.C OFFICIALS MOVED ME OUT OF STATE.

3) DR. EDORO, "DEFENDANT" DOCTOR, INTAKE SERVICE CENTER, R.I. D.O.C; will TESTIFY THAT I CONSTANTLY complained of problems with my vision and of not Being ABLE to SMELL anything, and was upset, that nothing was Being Done, in A Timely Fashion, considering my injuries.

(11)

4) Dr. Smiley, visiting eye Doctor at R.I D.O.C; will testify he saw me twice in June of 2006, and referred me to see Dr. Figueroa.

5) Dr. Figueroa, visiting eye Doctor at R.I D.O.C; will testify he saw me twice in July of 2006, and that he didnt have the proper equipment, and feared I had a torn retina, and referred me to the R.I Hospital eye clinic.

6) Dr. David Deewy or Deeuy name unreadable, Doctor at Stat-Care in Warwick R.I; saw me on the day of the assault 4-5-06, where he put 9 stitches above my eye, and an x-ray showed a servere bone bruise over my left eye.

7) Dr. Richard Hernandez, Doctor at R.I hospital ER; will testify that he didnt understand why I was brung to the ER for the injuries I had, examined me and referred me to R.I.H eye clinic and R.I.H neurology clinic.

8) Dr. M. Heimmel, optometrist R.I.H eye clinic; I saw him on 9-5-06, he will testify that he examined me, and determined that my vision was impaired, due to the assault on 4-5-06.

9) Dr. Linda Wendell, neurologist, R.I.H neurology clinic; she will testify that she examined me on 10-11-06, and she determined I couldnt smell anything, due to the assault on 4-5-06. She referred or ordered me to have a cat-scan done.

10) Attorney Gerard H. Donley, my criminal lawyer; will testify that on 4-5-06 when I didnt show up for court, he called to find out why, and was told I was taken to the hospital, also in future conversations with R.I D.O.C officials, he was told, they messed up, me and Dennis Garnetto werent suppose to be around each other and that they would move me out of state.

(12)

11) Prison investorgator, Steven Moakler, R.I D.O.C; will testify that he as well as the R.I D.O.C were aware of me and Dennis Carnetto's issues, he told me I didn't have to worry about every being put near him, Because it was posted in all D.O.C computers to keep us apart.

12) Dr. L. McRoberts, R.I D.O.C Psychiatrist; will testify that I was put on medication after the assault, for psychological problems due to the assault.

13) Dr. Bansal, Doctor High Security, R.I D.O.C; will testify that she was aware of my follow up appointments (medical) however I was still moved out of state, no medical records followed me, and V.A officials werent made aware of my follow up appointments or my medical issues, due to the assault.

14) R.I Medical Director, name unknown? I want to question him/her as to why I was moved out of state, disregarding outside specialist order's for follow up appointments, including a cat-scan and R.I.H eye clinic, also why none of my medical records followed me and why wasnt V.A officials made aware of my medical problems due to the assault.

"Virginia Expert Witnessses to Testify"

1) Dr. Kim Bays, V.A prison psychiatrist; will testify that I am still taking medication, for the psychological effects from the assault that happened in R.I prison system on 4-5-06

2) Dr. Kathleen Deponte, Radiolgist, Mountain View Regional Medical Center, Norton, V.A 24273; will testify she also saw damage to my brain in the cat-scan she read.

(13)

*JUST RECIEVED THE EYE DOCTOR'S NAME; DR. KERRY CLINE

3) V.A OPTOMETRIST NAME UNREADABLE; WILL TESTIFY HE EXAMINED ME TWICE, AND DETERMINED THAT MY VISION WAS IMPAIRED AND THAT I PROBABLY WILL NEED A OPERATION IN THE FUTURE TO CORRECT THE PROBLEM.

CONCLUSION:

I HAVE ALL MY MEDICAL RECORDS SUPPORTING EVERYTHING THESE WITNESSES WILL TESTIFY TO. I WAS ASSAULTED, I WASN'T SEEN IN A TIMELY FASHION FOR THE INJURIES WHICH I STILL SUFFER FROM, AND I WAS MOVED OUT OF STATE, WITH DISREGARDS TO DOCTOR'S ORDERS, NO RECORDS FOLLOWED AND V.A OFFICIALS WERE NEVER MADE AWARE OF MY MEDICAL PROBLEMS OR FOLLOW UP APPOINTMENTS.

TRIAL BY; JUDGE, NO JURY! PRO SE, PLAINTIFF, WAYMAN TURNER; PRAYS THAT THE COURT IN WHICH HE COMES IN FRONT OF FOR HIS CASE TO BE HEARD C.A. NO. 06-505 S, BE HELD BY BENCH TRIAL, PLAINTIFF DOESN'T REQUEST A JURY TRIAL, BUT WISHES TO HAVE TRIAL BY JUDGE. SO PLAINTIFF HAS NO JURY INSTRUCTIONS, AS WELL AS NO JURY VERDICT FORM OR SPECIAL INTERROGATORIES.

EXPECTED; LENGTH OF TRIAL. PRO SE, PLAINTIFF, WAYMAN TURNER; IN THIS CASE BEFORE THE COURT C.A. NO. 06-505 S, EXPECTS WITH THE NUMBER OF WITNESSES TO BE CALLED, BY PLAINTIFF ALONE, THAT A TRIAL BY JUDGE WOULD TAKE FROM 10 DAYS TO 2 WEEKS.

MEDICAL CONCLUSION;

"THE FACT IS I DO NOT KNOW WHAT THE FUTURE HOLDS FOR ME, REGARDING MY MEDICAL SITUATION, SINCE R.I D.O.C OFFICIALS, HAVE CALLOUSLY AND RECKLESSLY, AND INTENTIONALLY, DISREGARDED MY MEDICAL NEEDS, FROM THE BEGINING. IN ORDER TO AVOID MY CLAIM THEY PUT MY HEALTH, AS WELL AS LIFE IN DANGER, THEN HINDERED MY CASE, BY HOLDING ON TO MY LEGAL MAIL, FROM THE FEDERAL COURT"

"Exhibits" *EVEN tho the court has most of these items I wasn't sure what to do so I put in these things, I would like shown at trial *

Exhibit ① 1) ONE LARGE MANILLA ENVELOPE AND DATED LETTER FROM CLERK OF COURT DAVID A. DIMARZIO, UNITED STATES DISTRICT COURT DISTRICT OF RHODE ISLAND LETTER HEAD. ENVELOPE IS ALREADY POST MARKED BY POST OFFICE, I hope to show the court, that R.I officials held on to my Legal mail For 2 1/2 months BEFORE SENDING IT to ME here in V.A. JUST ONE OF MANY ACTS OF THEIR CALLOUS AND RECKLESS ACTIONS to hinder my "Deliberate indifference" persuit of this case.

" " Exhibit-② 2) STAT-CARE REPORT: DATED 4-5-06, show the injuries I suffered. Due to the assault.

Exhibit-③ 3) R.I D.O.C Health care services Problem List; to show I came into the R.I D.O.C with no problems other than a rod in my wrist DATED 10/20/04

Exhibit-④ 4) MEDICATION SHEETS, MEDICATION PRESCRIBED By two DIFFERENT R.I D.O.C psychiatrist's Dr. Bauermeister and Dr. L. McRoberts, shows I was on MEDICATION From July 06 until I was moved out of state, I was on this MEDICATION Due to the psychological Effects from the assault.

Exhibit ⑤ 5) R.I.H Eye clinic report; will show I was examined on 9-5-06 Report is DATED For that Day. Examination Determined my vision was and is impaired. Due to the assault on 4-5-06

Exhibit ⑥ 6) R.I.H Neurology clinic report; will show I was examined on 10-11-06 report is DATED that Day, Examination Determined, I couldn't smell anything. Due to the assault on 4-5-06 CAT-SCAN ORDERED.

Exhibit ⑦ 7) Commonwealth of Virginia Complaint and Treatment Form (DOC 711); will show no medical records followed me to V.A

Exhibit ⑧ 8) " SAME AS ABOVE, DATED however 3-13-07, will show that I provided V.A with my own personal medical records.

(15)

"Exhibits continued"

Exhibit (9) 9) Letter From Christopher J. Armes, M.A., QMHP psychology Dept W.R.S.P. Letter Dated 9-4-07 will show that I Am still on medication for problems Due to the Assault, the psychology effects.

Exhibit (10) 10) Report From Atwood Diagnostic Center, Dr. S. Karahbaum; Read my CAT-SCAN, this report will show, the Doctor saw a injury to my Brain And wanted to see me Again in 3-4 months to be certain there wasnt any changes, however R-I officials Disregarded this And moved me out of State, Dated 11-20-06

Exhibit (11) 11) Identification Report From R.I D.O.C; will show on 5/1/03 I was moved to Medium 1 Security And on 5/2/03 I was moved to Medium II Security, Because Dennis Garneto the inmate who assaulted me A Known enemy of mines was in Medium 1 At the time And L.T Jankowski moved me Before he saw me, this proves R-I D.O.C officials where callous And reckless not once But twice in placing me, Plaintiff And A Known violent enemy together.

Dated 6/20/06

Exhibit (12) 12) Letter From R.I D.O.C Chief Legal counsel. Mrs. Coyne-Fague; will show in A letter to me Dated 12-20-06 that we engaged in settlement talks, if someone claims they supposedly wasnt at Fault, why try to settle?

Conclusion;

The court has some Documents that I requested, Documents that I wasnt allowed to Bring with me when I was moved to V.A. Documents that I intially sent with my First complaint to the court, the First Letter I received From Mrs. Coyne-Fague Acknowledging my Assault And Asking what I proposed For A settlement, A Letter From Assistant Director; Jake Gadsden, where he Denied my out of State transfer, And A copy of my enemy List. I pray the court can Add these Documents to the

(16) Exhibit portion of the Trial, since I sent them to the court and do not have them in my possession.

"Relief" plaintiff, Wayman Turner, prose is seeking in this case before the court C.A. No. 06-505S, Due to the seriousness of my injuries, Both physical and psychological which are permanent. Due to the public humiliation, of being beaten in front of a 100 inmates, the mental anguish, the defenseless feeling as I tried to get away from the beating, the anxiety I now suffer when in a crowd of people, the medication I will have to take for the rest of my life, the impaired vision that causes me to see flashes and floaters the loss of my sense of smell, all these problems due to the assault on 4-5-06 all these physical and psychological problems, confirmed by more than one specialists. the callous and reckless actions of my defendants and other D.O.C officials, of placing me near a known violent enemy, not once but twice, the second time resulting in the brutal assault, the speedy transfer out of state, not making V.A officials aware of my medical problems or follow up appointment, not even sending my medical records, all to hinder me from fighting my case, they intentionally put my life and liberty in danger, disregarding doctors orders for follow ups. the holding on of my legal mail for 2½ months then saying I missed deadlines. Defendant Jeff Aceto, admitted he knew of at least one known enemy of mines, but he still sent me into that chow hall to eat with another block other than my own going against R.I D.O.C policies and procedures, Warden McCauley allowed this custom to occur, because it was time efficient for his officers, the officers he supervises, if captain Aceto knew of one enemy why didn't he no of Dennis Granetto? he sent me in that chow hall he knew of the risk, he knew of the

(17)

why I was brought to court alone, sating in my cell, Did he even know that the ENEMY he supposely knew about wasn't in that chow hall at that time. It was his Duty to protect me against violence, especially against a known violent enemy, who the R.I D.O.C has over the years gone out there way to keep us apart. I'm seeking the following reliefs I pray the court views the facts of this case, and awards what I am seeking.

1) Declaratory Relief; I pray the court declares that my Federal Rights were AND ARE still being violated.

2) Compensatory and Monetary Damages; in the amount of $150,000 thousand Dollars, from each Defendant separately and individually, for the pain and suffering, the premanant physical and psychological injuries, I will have to pay out my pocket for future medical care, and therapy. My vision is impaired and I lost my sense of smell, 9 stitch which left a scar, the psychological effects also, how do you put a price on those loses?

3) Injunctive Relief; I pray the court orders my Defendants to Bring me back to Rhode Island prison system and provide me with the proper medical treatment and therapy, and allow me to exercise my rights, I'm in U.A voluntarily and can go back to Rhode Island at anytime, But my Defendants are blocking the move back, Because of this case, therefor they continue to violate my constitutional rights.

(18)

4) PUNITIVE DAMAGES; I pray the court grants me Punitive Damages as well, and punishes my Defendants, when his/her conduct is shown to have surpassed a certain threshold, A petitioner may be entitled to an award of Punitive Damages in a 1983 Action, where the Defendants violation of Federal Law was intentional or when Defendants conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the Federally protected Rights of others McCardle V. Haddad 131 F.3d 43, 52 (2ND Cir 1997)

* FINAL CONCLUSION; Plaintiff; Wayman Turner, prose; prays this memorandum satisfies the court, plaintiff prays that he is allowed to add John Doe Defendants to be available to testify, once Defendants lawyer make them known, Defendants lawyer has yet to produce the information Plaintiff asked, in "Production of Documents Motion"; to Defendants Lawyer, Also Exhibit #1 the large envelope, Plaintiff is sending along with the required copies, Plaintiff was unable to get the enveloped copied, he prays the court will accept it as an Exhibit, evidence that the R.I D.O.C held on to his legal mail, it has two post marks on it from the U.S Postal Service. Plaintiff also is aware that V.A Expert witnesses, will have to testify By Phone, or however the court arranges to hear their testimony. Court should be aware of this, thank you for your Time.

DISTRICT OF RHODE ISLAND
DISTRICT COURT
2008 MAR 20 P 11:13
FILED

Respectfully Submitted;

Wayman Turner, prose

Wayman Turner

"I hereby swear under the threat, of perjury, that all statements made, in the above motion are true to the best, of my knowledge"; as of Date; March 9th 2008 Wayman Turner, prose