⑥

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

WAYMAN TURNER, PRO SE

PLAINTIFF

V. C.A NO. 06-505S

AT. WALL, DAVID McCAULEY

JEFF ACETO, DR. EDORO AND

JOHN DOE DEFENDANTS

MOTION FOR AN ORDER COMPELLING DISCOVERY.

PLAINTIFF MOVES THIS COURT FOR AN ORDER PURSUANT TO RULE 37(A) OF FEDERAL RULES OF CIVIL PROCEDURE COMPELLING DEFENDANTS, ALL ABOVE MENTIONED DEFENDANTS, TO PRODUCE FOR INSPECTION AND COPYING THE FOLLOWING DOCUMENTS, DOCUMENTS PLAINTIFF ASKED FOR IN HIS INITIAL MOTION FOR PRODUCTION, I SUBMITTED TO THE COURT AS WELL AS DEFENDANTS LAWYER, FOR DOCUMENTS, PURSUANT TO RULE 34 OF THE FEDERAL RULES OF CIVIL PROCEDURES, ON FEBRUARY 11TH 2008, BUT HAVE NOT RECIEVED ANY OF THE DOCUMENTS I REQUESTED.

PLAINTIFF ALSO MOVES FOR AN ORDER PURSUANT TO RULE 37(A)(4) REQUIRING THE AFORESAID DEFENDANTS TO PAY PLAINTIFF THE SUM, OF, $ 250.00 AS REASONABLE EXPENSES IN OBTAINING THIS ORDER, ON THE GROUNDS, THAT DEFENDANTS REFUSAL TO ANSWER THE PRODUCTION OF DOCUMENTS HAD NO SUBSTANTIAL JUSTIFICATION, MARCH 18TH 2008

WAYMAN TURNER, PRO SE
WALLENS RIDGE STATE PRISON
P.O. BOX 759
BIG STONE GAP. VA 24219

Wayman Turner

[illegible]

[illegible]

CONCLUSION;

DEFENDANTS CLAIM I DIDNT INCLUDE GRIEVANCE FORMS IN MY PRODUCTION OF DOCUMENTS. R.I D.O.C OFFICIALS IGNORED MY ATTEMPTS TO GRIEVE, I SUPPLIED THE COURT WITH THE NECESSARY COPIES OF REQUEST FORMS AND LETTERS FROM D.O.C OFFICIALS AND LETTERS TO D.O.C OFFICIALS, DEFENDANTS ALSO CLAIM I HAD A MIXTURE OF UNSUPPORTED ALLEGATIONS, WHICH WOULD BE, WHAT THE ASSAULT BY A KNOWN VIOLENT ENEMY, OR THE LACK OF MEDICAL TREATMENT, OR WHEN MY LIFE AND LIBERTY WAS PLACED IN DANGER WHEN I WAS MOVED OUT OF STATE, AND NO MEDICAL RECORDS FOLLOWED ME, OR WHEN V.A OFFICIALS WERE NOT MADE AWARE OF MY MEDICAL SITUATION, OR WHEN R.I OFFICIALS DISREGARDED DOCTORS (SPECIALISTS) ORDERS AND FOLLOW UP APPOINTMENTS, OR WHEN R.I D.O.C HELD ON TO MY LEGAL MAIL FROM THE FEDERAL COURT, THEN SAID I MISSED DEADLINES TO SERVE MY DEFENDANTS. THEY THE DEFENDANTS DID NOT DISPUTE NONE OF THESE CLAIMS, BECAUSE THEY ARE FACTS, FACTS CANT BE DISPUTED.

FEDERAL RULE OF CIVIL PROCEDURES 26(B)(1) I HAVE THE LEGAL RIGHT TO ANYTHING WHICH IS IN ANY WAY "RELEVANT TO THE SUBJECT MATTER INVOLVED IN THE PENDING ACTION" INCLUDING ANYTHING RELEVENT TO ANY DEFENSE OFFERED BY THE PRISON OFFICIALS, THERE WITHOLDING INFORMATION FROM ME, THAT COULD HELP ME UNCOVER OTHER RELEVENT INFORMATION TO MY CASE HICKMAN V. TAYLOR, 329 U.S. 495 (1947) DEFENDANTS MAY TRY TO GET OUT OF HAVING TO COMPLY WITH THE REQUEST BY ARGUING THAT THEY ARE UNDULY BURDENSOME OR EXPENSIVE" HOWEVER AS ONE JUDGE EXPLAIN, THE FEDERAL COURTS

(8)

Reject out of hand claims of burdensome which are not supported by a specific, detailed showing usually by affidavit, of why weighing the need for discovery against the burden it will impose permits the conclusion that the court should permit it Natural Resources Defense Council v. Curtis, 189 F.R.D. 4*13 (D.D.C 1999) in other words, the Defendants can't avoid discovery by just stating it will be difficult.

Stopping me from gathering useful information that could lend to useful documents, potential witnesses, such documents and policy statement, prison rules and manuals, minutes of staff meetings files about an individual prisoner and incident reports filed by prison staff.

When a Judge considers a Motion for summary Judgement, he will view the evidence submitted by both sides, in the light most favorable to the "opposing party" the Motion, Adickes v. S.H. Kress & Co 398 U.S 144, 157, 160 (1970) see also Curry v. Scott, 249 F.3d 493 505 (6th cir 2001) this just means that as the "opposing party" you are suppose to be given the benefit of the doubt if the meaning of a fact could be interpreted in two different ways.

* Also sent Defendants a Motion requests interrogatories

I Declare under penalty of perjury that the foregoing is true and correct executed at Wayman Turner, pro se

Wallens Ridge State Prison

P.O. Box 759

Big Stone Gap, V.A 24219

Wayman Turner