**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**WAYMAN TURNER**

**v. C.A. No. 06-505 S**

**A. T. WALL, et al.**

**MEMORANDUM AND ORDER**

Plaintiff Wayman Turner, *pro se*, is an inmate formerly housed at the Rhode Island Department of Corrections and currently being held in the Wallens Ridge State Prison in the Commonwealth of Virginia. He filed the instant action complaining about the treatment he received for injuries suffered as a result of an altercation with another inmate while housed at the Rhode Island Department of Corrections. Currently before the Court is Plaintiff's fourth motion for the Court to appoint counsel to represent him in the instant civil action.

In the appropriate case, the Court "may request an attorney to represent any person unable to afford counsel" in a civil action. 28 U.S.C. § 1915(e). However, there is no absolute constitutional right to a "free lawyer" in a civil case. DesRosier v. Moran, 949 F.2d 15, 23 (1st Cir. 1991). Absent exceptional circumstances, the Court cannot appoint counsel in a civil matter. Id. at 23. In determining whether exceptional

circumstances exist, the Court must examine the total situation, considering, *inter alia,* the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself. Id.

Here, I have reviewed Plaintiff's complaint and the motions that he has filed in this case. The issues presented in the complaint are not so complex that Plaintiff is unable to represent himself. Moreover, Plaintiff's filings demonstrate that he is able to present the facts and the issues himself. Accordingly, Plaintiff's motion to request the Court to appoint counsel is **DENIED.**

**IT IS SO ORDERED.**

Jacob Hagopian
Senior United States Magistrate Judge
May 27, 2008