**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**WAYMAN TURNER**

**v.** **C.A. No. 06-505 S**

**A.T. WALL ET AL.**

**ORDER**

Plaintiff Wayman Turner, *pro se*, is an inmate in Wallens Ridge State Prison in Big Stone Gap, Virginia and a former inmate of the Rhode Island Adult Correctional Institutions ("ACI"). Plaintiff filed the current action under 42 U.S.C. § 1983 naming A.T. Wall, David McCauley, Jeff Aceto, Dr. Edoro and John Doe as defendants for violating his constitutional rights. Plaintiff alleges defendants violated his rights by: (i) not protecting him from a known enemy, thereby subjecting him to a severe assault in April 2006; (ii) not providing appropriate and timely medical treatment for the injuries he suffered as a result of the assault; and (iii) transferring him from the ACI to the Virginia prison to make legal action against them more difficult to pursue.

On March 14, 2008, defendants filed a motion for summary judgment pursuant to 42 U.S.C. § 1997e ("§1997e") and Fed.R.Civ.Pro. 56 (Docket # 33). Defendants assert that they are entitled to a judgment as a matter of law because plaintiff failed to exhaust the prison's administrative remedies as required by § 1997e(a). Plaintiff objected to the defendants' motion, urging that he exhausted his administrative remedies and directing the Court to documents he claims he filed as exhibits to his initial Complaint as proof of such exhaustion (Docket # 36).

However, a review of the Complaint and exhibits attached thereto, as well as the entire file, reveals that, despite plaintiff's contention, the Court did not receive any documents proving plaintiff exhausted his administrative remedies. Therefore, plaintiff is hereby **ORDERED** to produce evidence, in writing, within twenty days from the date of this Order, that he exhausted his administrative remedies.[1] Thereafter, I will issue a report and recommendation regarding defendants' summary judgment motion.

**IT IS SO ORDERED.**

Jacob Hagopian
Senior United States Magistrate Judge
Date: 7 Aug 08

[1] The Rhode Island Department of Corrections ("RIDOC") has a two-tiered inmate grievance process - the first (or informal) tier involves seeking resolution from the lowest level of chain of command using a RIDOC Request Form (known as a Pink Slip) while the second (or formal) tier involves a two-step process of submitting a grievance form to the warden and then, if not satisfied, to the departmental grievance coordinator. The specifics of the grievance process are set forth in the RIDOC policy attached as an exhibit to defendants' motion to dismiss (Docket # 33, exhibit 1). Plaintiff must provide evidence that he utilized both the informal and formal tiers in attempting to resolve his grievance at the prison level.