UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

WAYMAN TURNER

v.  C.A. No. 06-505 S

A.T. WALL ET AL.

### MEMORANDUM AND ORDER

Jacob Hagopian, Senior United States Magistrate Judge

Presently before the Court is plaintiff's Motion to Strike Defendant Okoson (sic) Ehimare Edoro, M.D.'s Affirmative Defenses (Docket # 72). Defendant Edoro has objected in part to plaintiff's motion (Docket # 74). For the reasons set forth below, plaintiff's motion is granted in part and denied in part.

Plaintiff's motion seeks to strike six of the affirmative defenses contained in Dr. Edoro's Answer to plaintiff's Second Amended Complaint. Specifically, plaintiff seeks to strike the following affirmative defenses: Seventh (denial that plaintiff is entitled to any relief sought); Ninth (denial that plaintiff is entitled to judgment against this defendant); Fourteenth (failure to state a claim); Fifteenth (lack of personal jurisdiction); Sixteenth (improper service of process); and Seventeenth (statute of limitations). Plaintiff urges that the affirmative defenses are insufficient because they lack a factual or legal basis and fail to provide adequate specificity.

In response, Dr. Edoro has agreed to withdraw the latter three defenses (Fifteenth, Sixteenth, and Seventeenth), but objects to the Seventh, Ninth, and Fourteenth affirmative defenses being stricken.

Rule 12(f) of the Federal Rules of Civil Procedure provides that the Court may strike an "insufficient defense" upon motion of a party. Fed.R.Civ.P. 12(f). However, as evaluating the merits of a defense prior to the development of the facts in the case is disfavored, such motions are rarely granted. *See Cipollone v. Liggett Group, Inc.*, 789 F.2d 181, 188 (3d Cir. 1986); *S.E.C. v. Nothern*, 400 F.Supp.2d 362, 364 (D.Mass. 2005). It has been said that a court may strike only those defenses so legally insufficient that it is "beyond cavil that the defendants could not prevail on them." *Coolidge v. Judith Gap Lumber Co.*, 808 F.Supp. 889, 893 (D.Me. 1992). Further, to grant a 12(f) motion to strike, courts have required "a showing of prejudice to the moving party" and an absence of factual issues making it "clearly apparent" that the defense is insufficient. *See*

1

*Nothern*, 400 F.Supp. at 364 (citing 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1381, at 421-22 (3d ed.2004)).

Here, defendant's Seventh, Ninth, and Fourteenth affirmative defenses are not insufficient. Discovery is in its early stages, and Dr. Edoro should be afforded the opportunity to explore plaintiff's allegations through discovery before these affirmative defenses are deemed inadequate as a matter of law.

Accordingly, plaintiff's motion to strike with respect to defendant Edoro's Fifteenth, Sixteenth, and Seventeenth affirmative defenses is GRANTED while plaintiff's motion to strike with respect to his Seventh, Ninth, and Fourteenth is DENIED.

**IT IS SO ORDERED.**

_____
Jacob Hagopian
Senior United States Magistrate Judge
October 20, 2009

2