UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| WAYMAN TURNER,<br><br>    Plaintiff<br><br>v.<br><br>A.T. WALL, et al.,<br><br>    Defendants. | CA. No. 06-505S |

**ORDER**

WILLIAM E. SMITH, United States District Judge

    Plaintiff in this Eighth Amendment case filed an Amended Complaint on August 25, 2009. Defendants A.T. Wall, David McCauley, and Jeffrey Aceto (the "State Defendants") filed a Motion for an Extension of Time to respond <u>nunc pro tunc</u>, along with an Amended Answer, on October 22. This was approximately eight weeks after the deadline to enter a responsive pleading. The Court accepted the Amended Answer on October 29, but Plaintiff filed opposition to the State Defendants' request for an extension on the same day. At a status conference held by the Court on November 23, Plaintiff asked the Court to consider the merits of his opposition, to the extent it had not already done so. The Court has evaluated Plaintiff's arguments and now formally rejects them, for the reasons stated below.

Rule 6(b) of the Federal Rules of Civil Procedure authorizes extensions of time after a party has missed a filing deadline upon a showing of "excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). District courts have discretion to grant or deny extension requests. See Cordero-Soto v. Island Finance, Inc., 418 F.3d 114, 117 (1st Cir. 2005). Here, Plaintiff insists that Defendants cannot satisfy the "excusable neglect" standard. However, the Court is well-within its discretion to accept the Amended Answer, for three reasons.

First, Plaintiff admits reaching an informal agreement to extend the deadline for three weeks with the Assistant Attorney General formerly staffed on this case. It is true that that attorney never followed through by sending a formal stipulation, as he promised he would. Nevertheless, the existence of a verbal understanding regarding an extension serves as some evidence that it was reasonable for the State Defendants to believe they would not be held to the original deadline. This is true even though the State Defendants were ultimately careless in filing the Amended Answer more than three weeks after it was due. See Friedman & Feiger, L.L.P. v. ULofts Lubbock, LLC, No. 3:09-CV-1384-D, 2009 WL 3378401, at *1 (N.D. Tex. Oct. 19, 2009) (taking attempt to secure informal extension agreement as a demonstration of good faith and excusable neglect despite "careless[ness]").

Second, there was a change in staffing at the Attorney General's office. The attorney originally assigned to the matter left the office in early October, at which point another attorney took over. This, too, supports a finding that the State Defendants' neglect of the schedule for responding to the Amended Complaint was not willful or in bad faith. See <u>Beale v. District of Columbia</u>, 545 F. Supp. 2d 8, 12-13 (D.D.C. 2008) (finding personnel changes contributed to excusable neglect).

Third, the State Defendants had reason to believe that the status of this action was in flux. In 2008, they moved for summary judgment. Magistrate Judge Hagopian issued a Report and Recommendation (the "R&R") in February 2009 recommending that the Court grant the motion. Subsequently, Plaintiff, who had previously been proceeding <u>pro</u> <u>se</u>, obtained counsel. The Court held a conference in July 2009, and indicated that it intended to allow Plaintiff to proceed with the case and amend his pleading, but the State Defendants' current counsel was not present. Indeed, counsel stated at the most recent conference that she requested a meeting with the Court expressly for the purpose of clarifying the status of the case.

In sum, while the State Defendants blew the deadline, they can cite grounds for excusable neglect. The Court has already granted Plaintiff leeway to prosecute his claims, notwithstanding Judge Hagopian's recommendation that they be

dismissed. He cannot now expect to reap a windfall default judgment because of a missed due date that, at worst, resulted from good-faith carelessness. This is especially true given that the State Defendants may have been confused about why the Court allowed Plaintiff to sidestep an unfavorable R&R.

The Court therefore reaffirms its ruling granting the State Defendants' Motion for an Extension of Time, and Plaintiff's opposition to the Motion is rejected.

IT IS SO ORDERED.

_____
William E. Smith
United States District Judge
Date: 1/8/10